8/15/2019 12:17 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 35994448
By: Wanda Chambers
Filed: 8/15/2019 12:17 PM

CAUSE NO. _____

| | | |
|---|---|---|
| JAMES A. AND GAIL M. MACARI, | § § § | IN THE JUDICIAL COURT OF |
| *Plaintiffs*, | § § | |
| V. | § § | |
| | § | HARRIS COUNTY, TEXAS |
| LIBERTY MUTUAL INSURANCE COMPANY AND DAVID JAMES MEADERS, | § § § § | |
| *Defendants*. | § § | _____ DISTRICT COURT |

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, James A. and Gail M. Macari, ("Plaintiffs"), and file **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of Liberty Mutual Insurance Company ("Liberty Mutual") and David James Meaders ("Meaders") (or collectively "Defendants") and for cause of action, Plaintiffs respectfully show the following:

### DISCOVERY CONTROL PLAN

1. Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2. Plaintiffs, James A. and Gail M. Macari, reside in Harris County, Texas.

3. Defendant, Liberty Mutual Insurance Company, is a Massachusetts insurance company engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon Liberty Mutual Insurance Company through its registered agent for service: **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701 - 3218**. Plaintiffs request service at this time.

EXHIBIT A

4. Defendant David James Meaders is an individual resident of Houston, Texas. Meaders may be served with citation at the address listed with the Texas Department of Insurance: **5800 Hollister St., Apartment 703, Houston, Texas 77040-5747**. Plaintiffs request service at this time.

## JURISDICTION

5. The Court has jurisdiction over Liberty Mutual because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of Liberty Mutual's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

6. The Court has jurisdiction over Meaders because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

## VENUE

7. Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

8. Plaintiffs assert claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9. Plaintiffs own a Liberty Mutual Insurance Company homeowner's insurance policy, number H37-298-485134-408 ("the Policy"). At all relevant times, Plaintiffs owned the insured premises located at 9011 Herts Road Spring, Texas 77379 ("the Property").

10. Liberty Mutual or its agent sold the Policy, insuring the Property, to Plaintiffs. Liberty Mutual or its agent represented to Plaintiffs that the Policy included water protection coverage for damage to Plaintiffs' property. Liberty Mutual has refused the full extent of that coverage currently owed to Plaintiffs.

11. On or about December 7, 2018, the Property sustained extensive water damage resulting from a plumbing leak.

12. In the aftermath of the plumbing leak, Plaintiffs submitted a claim to Liberty Mutual against the Policy for damage to the Property. Liberty Mutual assigned claim number 038930794 to Plaintiffs' claim.

13. Plaintiffs asked Liberty Mutual to cover the cost of damage to the Property pursuant to the Policy.

14. Damaged areas of the property include, but are not limited to the gutters, downspouts, foundation drainage system, master bath, master closet, water closet, family room and dining room. The leak compromised the integrity of the walls and baseboards allowing water to enter, causing water damage to the following areas of the interior: master bath, master closet, water closet, family room and dining room.

15. Liberty Mutual assigned or hired Meaders to adjust the claim.
    a. Meaders had a vested interest in undervaluing the claims assigned to him by Liberty Mutual in order to maintain his employment. The disparity in the number of damaged items in his report (nine: 9) compared to that of Plaintiffs' Third-Party Adjuster's (one hundred seven: 107) is evidence of fraud on the part of Meaders. The valuation of damages that were included in Meaders's report, $2,825.70 replacement cost value ("RCV"), compared to Plaintiffs' Third-Party Adjuster's,

3

        $38,582.70 is also evidence of fraud on the part of Meaders.

    b. Furthermore, Meaders was aware of Plaintiffs' $3,577 deductible before visiting the Property to conduct the inspection. Meaders had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

    c. Meaders made misrepresentations as to the amount of damage Plaintiffs' Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' Property.

    d. Meaders made further misrepresentations to Plaintiffs during his inspection. Meaders used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from previous wood-destroying insect damage, damage from improper installation techniques, moisture vapor transmission through the underlying concrete slab, and damage of a type not consistent with the type of claim that was made.

16. Liberty Mutual, through its agents, namely Meaders, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

17. The initial adjustment of the claim occurred on or around February 4, 2019. Meaders found that there was no damage from a covered peril to the interior of the property.

18. After application of the policy deductible, Plaintiffs were left without adequate recovery to complete proper repairs on Plaintiffs' property.

19. To date, Plaintiffs have received $0.00 for damage to Plaintiffs' Property. The damage to

Plaintiffs' Property is currently estimated at $21,169.2.

20. Since due demand was made on May 28, 2019, Liberty Mutual has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

21. As stated above, Defendants failed to assess the claim thoroughly. Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, Liberty Mutual failed to provide full coverage due under the Policy.

22. As a result of Liberty Mutual's failure to provide full coverage, along with Liberty Mutual's delay tactics to avoid reasonable payment to Plaintiffs, Plaintiffs have suffered damages.

23. Liberty Mutual failed to perform its contractual duties to Plaintiffs under the terms of the Policy. Specifically, Liberty Mutual refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiffs.

24. Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between Liberty Mutual and Plaintiffs.

25. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendants have not attempted to settle Plaintiffs' claim in a fair manner, even though Defendants were aware of their liability to Plaintiffs under the Policy. Specifically, Defendants have failed to timely pay Plaintiffs'

coverage due under the Policy.

26. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendants failed to provide Plaintiffs a reasonable explanation for not making the full payment under the terms of the Policy.

27. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendants refused to provide full coverage due to Plaintiffs under the terms of the Policy. Specifically, Liberty Mutual, through its agents, servants, and representatives, namely Meaders, performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

28. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendants failed to reasonably accept or deny Plaintiffs' full claim within the statutorily mandated time after receiving all necessary information.

29. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendants have delayed payment of Plaintiffs' claim longer than allowed, and Plaintiffs have not received full payment for the claim.

30. Defendants' wrongful acts and omissions forced Plaintiffs to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT
## LIBERTY MUTUAL INSURANCE COMPANY

### BREACH OF CONTRACT

31. All allegations above are incorporated herein.

32. Liberty Mutual is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between Liberty Mutual and Plaintiffs.

33. Liberty Mutual's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### UNFAIR SETTLEMENT PRACTICES

34. All allegations above are incorporated herein.

35. Liberty Mutual's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

36. Liberty Mutual's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

37. Liberty Mutual's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

7

38. Liberty Mutual's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

39. Liberty Mutual's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

40. Liberty Mutual's unfair settlement practice of refusing to pay Plaintiffs' claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

41. All allegations above are incorporated herein.

42. Liberty Mutual's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

43. Liberty Mutual's failure to notify Plaintiffs in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

44. Liberty Mutual's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

8

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

45. All allegations above are incorporated herein.

46. Liberty Mutual's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

47. Liberty Mutual's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Liberty Mutual knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

48. All allegations above are incorporated herein.

49. Liberty Mutual's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and services provided by Liberty Mutual pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Liberty Mutual. Specifically, Liberty Mutual's violations of the DTPA include, without limitation, the following matters:

   A. By its acts, omissions, failures, and conduct, Liberty Mutual has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. Liberty Mutual's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B. Liberty Mutual represented to Plaintiffs that the Policy and Liberty Mutual's adjusting and investigative services had characteristics or benefits that they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C. Liberty Mutual also represented to Plaintiffs that the Policy and Liberty Mutual's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Furthermore, Liberty Mutual advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E. Liberty Mutual breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiffs to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F. Liberty Mutual's actions are unconscionable in that Liberty Mutual took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Liberty Mutual's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

G. Liberty Mutual's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50. Each of the above-described acts, omissions, and failures of Liberty Mutual is a producing cause of Plaintiffs' damages. All of the above-described acts, omissions, and failures were

10

committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

51. All allegations above are incorporated herein.

52. Liberty Mutual is liable to Plaintiffs for common-law fraud.

53. Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiffs would not have acted as Plaintiffs did, and Liberty Mutual knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

54. Liberty Mutual made the statements intending that Plaintiffs act upon them. Plaintiffs then acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury constituting common-law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT DAVID JAMES MEADERS

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

55. All allegations above are incorporated herein.

56. Meaders's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act. TEX. INS. CODE §541.060(a).

57. Meaders is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of Liberty Mutual, because Meaders is a "person," as defined by TEX. INS. CODE §541.002(2).

58. Meaders knowingly underestimated the amount of damage to the Property. As such, Meaders failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy. TEX. INS. CODE §542.003(3).

59. Furthermore, Meaders did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim. TEX. INS. CODE §542.003(4).

60. Meaders's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice. TEX. INS. CODE §541.060(a)(3).

61. Meaders's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

62. All allegations above are incorporated herein.

63. Meaders's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiffs are consumers of goods and services provided by Meaders pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Meaders. Specifically, Meaders's violations of the DTPA include the following matters:

   A. By this Defendant's acts, omissions, failures, and conduct, Meaders has violated sections 17.46(b)(2), (5), and (7) of the DTPA. Meaders' violations include, (1) failure to give Plaintiffs the benefit of the doubt, and (2) failure to write up an

12

estimate reflecting the proper repair of Plaintiffs' Property when liability have become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

B. Meaders represented to Plaintiffs that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

C. Meaders represented to Plaintiffs that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D. Meaders's actions are unconscionable in that Meaders took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Meaders' unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

E. Meaders's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

64. Each of Meaders's above-described acts, omissions, and failures is a producing cause of Plaintiffs' damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by Meaders, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

**FRAUD**

65. All allegations above are incorporated herein.

66. Liberty Mutual assigned or hired Meaders to adjust the claim.

a. Meaders had a vested interest in undervaluing the claims assigned to him by Liberty Mutual in order to maintain his employment. The disparity in the number of damaged items in his report (nine: 9) compared to that of Plaintiffs' Third-Party Adjuster's (one hundred seven: 107) is evidence of fraud on the part of Meaders. The valuation of damages that were included in Meaders's report, $2,825.70 replacement cost value ("RCV"), compared to Plaintiffs' Third-Party Adjuster's, $38,582.70 is also evidence of fraud on the part of Meaders.

b. Furthermore, Meaders was aware of Plaintiffs' $3,577 deductible before even visiting the Property to conduct the inspection. Meaders had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

c. Meaders made misrepresentations as to the amount of damage Plaintiffs' Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' property.

d. Meaders made further misrepresentations to Plaintiffs during his inspection. Meaders used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

**NEGLIGENCE**

67. All allegations above are incorporated herein.

68. Meaders was negligent in his actions with regard to his adjusting of Plaintiffs' claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

    a. Failure to conduct a reasonable inspection;

    b. Failure to include covered damage that would be discovered as a result of reasonable inspection;

    c. Failure to identify the proper cause and scope of the damage to Plaintiffs' Property;

    d. Failure to identify the cost of proper repairs to Plaintiffs' Property; and

    e. Failure to communicate to Plaintiffs the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiffs' Property.

69. Meaders's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiffs.

70. At all relevant times, Meaders was an agent or employee of Defendant Liberty Mutual.

71. Meaders's unreasonable inspection was performed within the course and scope of his duties with Defendant Liberty Mutual. Therefore, Liberty Mutual is also liable for the negligence of Meaders through the doctrine of respondeat superior.

## GROSS NEGLIGENCE

72. All allegations above are incorporated herein.

73. Meaders's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

    a. Meaders's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiffs; and

b. Meaders had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiffs.

74. Meaders intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiffs' Property on behalf of Liberty Mutual. His estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the Third-Party Adjuster's estimate); it was also in complete disregard for the risk and harm Plaintiffs would suffer if the actual damages to the Property were allowed to persist unrepaired.

## KNOWLEDGE

75. Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

## WAIVER AND ESTOPPEL

76. Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

77. Since the claim was made, Liberty Mutual has not properly compensated Plaintiffs for all necessary repairs made, which are covered under the Policy. This has caused undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants' mishandling of Plaintiffs' claim in violation of the laws set forth above.

78. Defendants made the above and other false representations to Plaintiffs, either knowingly

or recklessly, as a positive assertion, without knowledge of the truth. Defendants made these false misrepresentations with the intent that Plaintiffs act in accordance with the misrepresentations. Plaintiffs then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage. Plaintiffs suffered damages as a result.

79. Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained. The acts, omissions, failures, and conduct of Defendants have caused Plaintiffs' damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiffs' Property, and any investigative and engineering fees incurred.

80. For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, consequential damages, together with attorney's fees.

81. The damage to Plaintiffs' Property is currently estimated at 21169.2.

82. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiffs asks for three (3) times Plaintiffs' actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

83. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

84. For breach of the common-law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money Liberty Mutual owed, and exemplary damages.

85. Defendants' breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seek the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

86. For fraud, Plaintiffs are entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

87. For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

88. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.

As required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief of $75,000.00 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. This statement from Plaintiffs' counsel is made only for the purpose of compliance with Tex. R. Civ. P. 47, and the amount in controversy does not exceed $75,000.

## REQUESTS FOR DISCLOSURE

89. Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs request that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

90. Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendants, Liberty Mutual Insurance Company and David James Meaders, be cited and served to appear, and that upon trial hereof, Plaintiffs, James A. and Gail M. Macari, have and recovers from Defendants, Liberty Mutual Insurance Company and David James Meaders, such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief,

at law or in equity, to which Plaintiffs, James A. and Gail M. Macari, may show Plaintiffs are justly entitled.

    Respectfully submitted,

    CHAD T WILSON LAW FIRM PLLC

    By: /s/ *Chad T. Wilson*

    Chad T. Wilson
    Bar No. 24079587
    Amanda J. Fulton
    Bar No. 24077283
    455 East Medical Center Blvd., Suite 555
    Webster, Texas 77598
    Telephone: (832) 415-1432
    Facsimile: (281) 940-2137
    eservice@cwilsonlaw.com
    cwilson@cwilsonlaw.com
    afulton@cwilsonlaw.com

    ATTORNEYS FOR PLAINTIFFS