IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES A. MACARI, *et al.*, | § | |
|     Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-3647 |
| | § | |
| LIBERTY MUTUAL INSURANCE | § | |
| COMPANY, *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

This insurance case is before the Court on the Motion to Abstain and Remand ("Motion") [Doc. # 10] filed by Plaintiffs James A. and Gail M. Macari, to which Defendant Liberty Insurance Company ("Liberty") [Doc. # 14] filed a Response [Doc. # 14]. Based on the Court's review of the record and applicable legal authorities, the Court **grants** Plaintiffs' Motion.

## **I.    BACKGROUND**

Plaintiffs own property in Harris County, Texas. The property was insured under a homeowner's policy issued by Liberty. Plaintiffs filed a claim with Liberty for damage to the property allegedly caused by a plumbing leak on December 7, 2018. Defendant David James Meaders was assigned as the adjuster for Plaintiffs' claim. Plaintiffs allege that Liberty failed to pay any amount in connection with their insurance claim.

Plaintiffs filed this lawsuit in Texas state court on August 15, 2019, naming both Liberty and Meaders as Defendants. Plaintiffs served Meaders on August 28, 2019, and served Liberty on August 30, 2019. On September 19, 2019, Liberty gave written notice of its election pursuant to Chapter 542A of the Texas Insurance Code to assume any liability Meaders might have to Plaintiffs. *See* Election of Legal Responsibility, Exh. C to Notice of Removal [Doc. # 1]. Liberty filed a timely Notice of Removal on September 26, 2019.

Plaintiffs filed a Motion to Remand, arguing that the Court lacks subject matter jurisdiction because Plaintiffs and Defendant Meaders are citizens of Texas. Liberty argues in response that Meaders was improperly joined and, therefore, his citizenship should be disregarded for purposes of diversity jurisdiction. The Motion to Remand has been briefed and is now ripe for decision.

## II. **MOTION TO REMAND**

Any "civil action brought in a State court of which the district courts . . . have original jurisdiction, may be removed by the defendant . . .." 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over lawsuits between citizens of different states where the matter in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

A lawsuit involving a non-diverse defendant may be removed if the non-diverse defendant was improperly joined. *See Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004). A non-diverse defendant is improperly joined if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover" against the non-diverse defendant in state court. *Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 219 (5th Cir. 2018) (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*)). "[T]he burden on the removing party is to prove that the joinder of the in-state parties was improper – that is, to show that sham defendants were added to defeat jurisdiction." *Smallwood*, 385 F.3d at 575. "Thus, in conducting improper-joinder inquiries, the focus must remain on whether the nondiverse party was properly joined when joined." *Yarco Trading Co., Inc. v. United Fire & Cas. Co.*, __ F. Supp. 2d __, 2019 WL 3024792, *8 (S.D. Tex. July 11, 2019) (internal quotations and citation omitted).

Under the Texas Insurance Code, an insurer may "elect to accept whatever liability an agent might have to the claimant for the agent's acts or omissions related to the claim by providing written notice to the claimant." TEX. INS. CODE § 542A.006(a). Where the election is made after the lawsuit is filed, "the court shall dismiss the action against the agent with prejudice." TEX. INS. CODE § 542A.006(c).

In this case, Liberty made its § 542A election after the lawsuit was filed. Therefore, Plaintiffs' claims against Meaders were not barred by § 542A.006 at the time he was joined to this suit. Liberty's election, made after the lawsuit was filed, does not retroactively render Meaders an improperly joined party. *See, e.g., Yarco Trading*, 2019 WL 3024792 at *9; *Greatland Inv., Inc. v. Mt. Hawley Ins. Co.*, 2019 WL 2120854, *2 (S.D. Tex. May 15, 2019) (stating that if the insurer makes a § 542A election after the plaintiff has filed suit, the agent-defendant is not improperly joined).

Plaintiffs are residents and citizens of Texas. Meaders is also a citizen of Texas. Therefore, the parties are not completely diverse and the Court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

## IV. <u>CONCLUSION AND ORDER</u>

At the time this lawsuit was filed and Meaders was named a Defendant, Liberty had not made its election pursuant to § 542A.006. Therefore, Meaders was not improperly joined when the lawsuit was filed. He and Plaintiffs are citizens of Texas and, as a result, the Court lacks diversity jurisdiction over this dispute. It is hereby

**ORDERED** that Plaintiffs' Motion to Remand [Doc. # 10] is **GRANTED**. By separate order, the Court will remand this case to the 333rd Judicial District Court of Harris County, Texas, for lack of subject matter jurisdiction.

SIGNED at Houston, Texas, this **30th** day of **October, 2019**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE